**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| Q2 Software, Inc., <br><br> Plaintiff, <br><br> v. <br><br> LIGHTHOUSE CONSULTING GROUP, LLC, <br><br> Defendant. | Civil Action No. 6:20-00353 |

**COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NONINFRINGEMENT AND INVALIDITY**

Plaintiff Q2 Software, Inc. ("Q2") files this complaint for declaratory judgment against

Defendant Lighthouse Consulting Group, LLC ("Lighthouse") as follows:

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment that United States Patent Nos. 8,590,940

(the '940 Patent) and 7,950,698 (the '698 patent) (reissued as RE 44,274) (collectively, the

patents-in-suit) are not infringed by Q2 and are invalid.

2.      Lighthouse is the assignee of the patents-in-suit.  A copy of the '940 patent is

submitted herewith as Exhibit A.  A copy of the '698 patent is submitted herewith as Exhibit B.

**THE PARTIES**

3.      Q2 Software, Inc. is a Delaware Corporation having a principal place of business

in Austin, Texas.

4.      Lighthouse is a limited liability company having a principal place of business in

Wenham, Massachusetts.

**JURISDICATION AND VENUE**

5.      This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§

2201 and 2202 and the Patent Laws of the United States, 35 U.S.C. §§ 1-390.

WEST\290315612.2

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as Lighthouse has accused Q2 products ("Accused Q2 Products") of infringing the patents-in-suit in this District, including the use of Accused Q2 Products by Q2's customers.

7.      The Accused Q2 Products are sold or licensed to Q2's customers in this District. Q2 has contractual agreements to defend its customers against claims that their use of the Accused Q2 Products infringe third party patents.

8.      Lighthouse has submitted to personal jurisdiction in this District by bringing lawsuits alleging infringement of the patents-in-suit in this District.  Further, upon information and belief, Lighthouse has solicited and/or received licenses to the patents-in-suit and other Lighthouse patents from companies located within this District.

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

## STATEMENT OF FACTS

10.      A real and immediate controversy exists between Q2 and Lighthouse concerning Lighthouse's allegations that the Accused Q2 Products infringe the patents-in-suit.

11.      On information and belief, Lighthouse alleges that the Accused Q2 Products infringe at least one claim of the patents-in-suit.  Specifically, on November 15, 2019, Lighthouse filed the patent infringement action styled *Lighthouse Consulting Group, LLC v. Independent Financial, Inc.*, No. 2:19-cv-00373 in the Eastern District of Texas.  In this suit, Lighthouse accuses Independent Financial, also known as Independent Bank, (hereinafter "Independent") of infringing the patents-in-suit.  On information and belief, the products Lighthouse accuses of infringement with respect to Independent include Accused Q2 Products.  On information and belief, Independent offers the Accused Q2 Products to Independent's customers in this District. On information and belief, Independent's customers use the Accused Q2 Products in this District.

WEST\290315612.2

## COUNT I.
## DECLARATORY JUDGEMENT OF NONINFRINGEMENT

12.     Q2 incorporates the previous allegations by reference as if fully set forth.

13.     Lighthouse has alleged and contends that the Accused Q2 Products infringe one

or more claims of the patents-in-suit.

14.     Q2 has not and does not make, use, offer to sell, sell, or import any product which

infringes any valid claim of the patents-in-suit either directly or through the doctrine of

equivalents.

15.     Q2 has not and does not induce or contribute to the alleged infringement of the

patents-in-suit.

16.     As a result of Lighthouse's allegations that Accused Q2 Products infringe the

patents-in-suit, an actual and justiciable controversy exists between Lighthouse and Q2 regarding

Q2's noninfringement of the patents-in-suit.  Absent a declaration of noninfringement,

Lighthouse will continue to wrongfully assert the patents-in-suit against Q2 and/or Q2's

customers and licensees, and thereby cause Q2 irreparable injury and damages.

17.     Therefore, Q2 is entitled to a judgment from this Court declaring that the Accused

Q2 Products do not infringe any valid claim of the patents-in-suit.

## COUNT II.
## DECLARATORY JUDGMENT OF INVALIDITY

18.     Q2 incorporates the previous allegations by reference as if fully set forth.

19.     The claims of the patents-in-suit are invalid because they fail to satisfy the

requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§

101, 102, 103, 112, and/or 120, and/or based on other judicially-created bases for invalidation.

WEST\290315612.2

20.     The claims of the patents-in-suit are invalid under 35 U.S.C. § 101 because the claimed inventions utilize conventional components in their normal and expected manner to perform the abstract idea of capturing and transmitting data for deposit processing.

21.     The claims of the patents-in-suit are invalid as anticipated by the prior art because the elements of the claimed inventions was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicants, or patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application.

22.     The claims of the patents-in-suit are invalid as obvious in view of the prior art because any differences between the claims and the prior art are such that the claimed subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the relevant art.  A person having ordinary skill in the relevant art would have had reason to combine the teachings of the prior art to achieve the claimed inventions and would have had a reasonable expectation of success in doing so.

23.     The patents-in-suit do not contain a written description of the claimed inventions, and of the manner and process of making and using them, in such full, clear, concise, and exact terms as to enable a person of ordinary skill in the art to which they pertain, or with which they are most nearly connected, to make and use them.

24.     One or more claims of the patents-in-suit do not particularly point out and distinctly claim the subject matter which the inventors regard as the invention.

25.     As a result of Lighthouse's allegations that Accused Q2 Products infringe the patents-in-suit, an actual and justiciable controversy exists between Lighthouse and Q2 regarding the validity of the patents-in-suit.  Absent a declaration of invalidity, Lighthouse will continue to

4

wrongfully assert the patents-in-suit against Q2 and/or Q2's customers and licensees, and thereby cause Q2 irreparable injury and damages.

26.     Therefore, Q2 is entitled to a judgment from this Court declaring that the patents-in-suit are invalid.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Q2 demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Q2 prays as follows:

a.     for a declaratory judgment that the Accused Q2 Products have not and do not infringe any valid claim of the patents-in-suit;

b.     for a declaratory judgment that the patents-in-suit are invalid and/or unenforceable;

c.     for a determination that this is an exceptional case pursuant to 35 U.S.C. § 285;

d.     for an order and judgment awarding costs and attorneys' fees to Q2; and

e.     for all other relief to which it may be entitled.

| Dated:  April 30, 2020 | Respectfully submitted, |
|---|---|
| | /s/  *John M. Guaragna* |
| | John M. Guaragna |
| | John.guaragna@dlapier.com |
| | Texas Bar No. 24043308 |
| | Aaron G. Fountain |
| | aaron.fountain@dlapiper.com |
| | Texas Bar No. 24050619 |
| | DLA PIPER LLP (US) |
| | 401 Congress Avenue, Suite 2500 |
| | Austin, TX  78701-3799 |
| | Tel: 512.457.7000 |

WEST\290315612.2

6

| | Fax: 512.457.7001 |
|---|---|
| | ATTORNEYS FOR Q2 SOFTWARE, INC. |

WEST\290315612.2